UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

ADAM BARTLETT,

        Plaintiff,

   vs.

CUYAHOGA COUNTY, *et al.*,

        Defendants.

------------------------------------------------------

CASE NO. 1:17-cv-1796

OPINION & ORDER
[Resolving Doc. 37]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Adam Bartlett moves for a protective order to prevent the taking of his deposition on January 5, 2018.[1] Defendant Cuyahoga County (the "County") and the individual County defendants[2] oppose.[3] For the following reasons, the Court **DENIES** Plaintiff's motion for a protective order.

Federal Rule of Civil Procedure 26(c) allows a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In considering a protective order motion, the court must balance the parties' competing interests and compare the hardships of granting or denying the request.[4]

The party seeking the protective order bears the initial burden to demonstrate good cause and that the balance of hardships weighs in its favor.[5] To show good cause, a movant must articulate specific facts showing a "clearly defined and serious injury" resulting from the discovery sought and cannot rely on mere conclusory statements.[6]

---

[1] Doc. 37.
[2] The individual County defendants include C.O. Corporal Bailey, C.O. John Mirrotto, and C.O. Brian Cartwright.
[3] Doc. 38.
[4] *York v. Am. Med. Sys., Inc.*, No. 97-4306, 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998).
[5] *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).
[6] *Id.* (quotations omitted).

Case No. 17-cv-1796
Gwin, J.

Here, Plaintiff argues that he and his counsel are unavailable on the noticed January 5, 2018 deposition date.[7] Plaintiff states that his lead counsel is experiencing health issues and has been unavailable since December.[8] The only other attorney in the law firm, Sara Gedeon, is busy preparing for an upcoming trial on January 22, 2018, and is not available until February.[9] Plaintiff says he is unavailable on January 5, 2018 due to mandatory job training classes.[10]

Defendants argue that Plaintiff's reasons do not justify delaying a properly noticed deposition until February when dispositive motions in this case are due by April 2, 2018.[11]

Plaintiff fails to meet his burden of showing either good cause or that the balance of harms weighs in his favor.

First, Plaintiff does not state with any specificity what "clearly defined and serious injury" he will suffer should he not attend his job training classes on January 5, 2018. Plaintiff states that "[f]ailure to attend these classes results in appearing before the board of [his employer]."[12] But it is unclear what serious disciplinary actions his employer's board could actually take.

Second, Plaintiff does not sufficiently demonstrate why his deposition could not take place between January 5 and January 22, 2018. Plaintiff never claims he is unavailable after January 5, 2018. Gedeon's only purported reason for being unavailable during this period is that she is busy with other cases. But a busy schedule does not shield someone from being deposed.[13]

Moreover, if Defendants were to depose Plaintiff in February as Plaintiff requests, Defendants will be just as harmed by having to depose the focal complaining party with only about two months left to conduct follow-up discovery for their dispositive motions.

---

[7] Doc. 37 at 1-2.
[8] *Id.* at 1.
[9] *Id.* at 1-2; Doc. 37-1 at 2.
[10] Doc. 37 at 2.
[11] Doc. 38.
[12] Doc. 37 at 2.
[13] *See, e.g.*, *Reynolds v. Grill*, No. 1:13-CV-146, 2014 WL 12654913, at *2 (S.D. Ohio Sept. 29, 2014).

-2-

Case No. 17-cv-1796
Gwin, J.

Accordingly, the Court **DENIES** Plaintiff's motion for a protective order. The Court **ORDERS** Plaintiff's deposition to occur on either January 5, 2018, or any date within 10 days thereafter and mutually agreed upon by the parties.

IT IS SO ORDERED

Dated: January 4, 2018               *s/        James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE