UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------

|  |  |  |
|---|---|---|
| ADAM BARTLETT, | : | CASE NO. 1:17-cv-1796 |
| Plaintiff, | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Docs. 47, 49, 50] |
| CUYAHOGA COUNTY, *et al.*, | : |  |
| Defendants. | : |  |

-----------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Adam Bartlett brings this civil rights action against the MetroHealth Defendants[1] and the Cuyahoga County Defendants[2] and complains regards Defendants' jailhouse treatment of his withdrawal symptoms. Defendants have moved for summary judgment.[3] Plaintiff has not opposed.

For the following reasons, the Court **GRANTS** both parties' motions for summary judgment.[4]

## I. BACKGROUND[5]

On September 7, 2016, Plaintiff Bartlett was arrested for violating his probation and was brought to the Cuyahoga County Correctional Center.[6] Because he was unprepared to be arrested, Plaintiff alleges he did not take his prescribed Xanax medication with him.[7] Plaintiff alleges he also suffers from alcohol and opioid abuse.[8]

---

[1] The MetroHealth Defendants include The MetroHealth System, Dr. Thomas Tallman, Dr. Leslie M. Koblentz, Albert Coreno, Michael Stricker, Marcus Harris, Leslie Chute, Janet Hodgson, Kristina Cashin, Gwendolyn Bremer, Joe-Anna Cooper, and various John and Jane Does.  Doc. 1.  All individual MetroHealth Defendants are sued in their personal and official capacities, except for Dr. Tallman who is only sued in his official capacity.  *Id.*

[2] The Cuyahoga County Defendants include C.O. Corporal Bailey, C.O. John Mirrotto, C.O. Brian Cartwright, Cuyahoga County, and various John and Jane Doe policymakers and others.  *Id.*.  All individual County Defendants are sued in their personal and official capacities.  *Id.*

[3] Docs. 47, 49.  The MetroHealth Defendants have also moved to file a supplemental motion for summary judgment.  Doc. 50.

[4] The Court **GRANTS** MetroHealth Defendants' motion to supplement their summary judgment motion.

[5] As Plaintiff has not opposed Defendants' motion and presented his own evidence, the Court draws from Plaintiff's allegations in his complaint for the factual background.

[6] Doc. 1 at ¶¶ 22-27.

[7] *Id.* at ¶ 28.

[8] *Id.*

Case No. 1:17-cv-1796
Gwin, J.

Between September 8, 2016 and September 14, 2016, the MetroHealth Defendants allegedly failed to adequately assess and treat Plaintiff for his withdrawal symptoms.[9] On September 13, 2016, County Defendants Mirrotto, Bailey, and Cartwright allegedly improperly forced Plaintiff Bartlett into a restraint chair after Bartlett defecated and urinated on his cell floor during withdrawal.[10]

Plaintiff brings claims under Section 1983 against all Defendants for Fourth, Eighth, and Fourteenth Amendment violations.[11] Plaintiff also brings the state law claims for intentional infliction of emotional distress claims against all Defendants; a medical malpractice claim against Dr. Tallman and Dr. Koblentz; negligence claims against all individual MetroHealth Defendants; and a battery claim against all individual County Defendants.[12]

The MetroHealth Defendants and the County Defendants move for summary judgment.[13] The deadline for filing an opposition has passed, and Plaintiff has not filed any opposition.

## II. LEGAL STANDARD

A party is entitled to summary judgment "if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[14] The moving party bears an initial burden of pointing to facts in the record that entitle it to summary judgment. Once the moving party has met this burden, the non-moving party "must set forth specific facts showing there is a genuine issue for trial."[15]

If a motion for summary judgment goes unopposed, a reviewing court is not required to "conduct its own probing investigation of the record" and may properly rely on the facts provided by

---

[9] *Id.* at ¶¶ 32-52, 57-81.
[10] *Id.* at ¶¶ 53-56.
[11] *Id.* at ¶¶ 130-37.
[12] *Id.* at ¶¶ 138-55.
[13] The MetroHealth Defendants have also moved to file a supplemental motion for summary judgment, which the Court grants. Doc. 50.
[14] Fed. R. Civ. P. 56(c).
[15] Fed. R. Civ. P. 56(e).

the moving party.[16] A court is only required to "intelligently and carefully review the legitimacy of such an unresponded-to motion" in order to determine whether the movant has met their initial burden.[17]

### III. ANALYSIS

#### A. Section 1983 Claims

The Court grants summary judgment for the County Defendants and MetroHealth Defendants on Plaintiff's Section 1983 claims.

##### 1. Official Capacity Claims

To bring a Section 1983 official capacity suit, Plaintiff must demonstrate a direct link between a governmental policy or custom and a constitutional deprivation by showing that the alleged injury was caused by the execution of a particular policy or custom.[18]

A suit against a government employee in his or her official capacity "represent[s] only another way of pleading an action against an entity of which an officer is an agent."[19] Therefore, Plaintiff's official capacity claims under Section 1983 are claims directly against the County and the MetroHealth System.

Plaintiff Bartlett has alleged that the County and MetroHealth Defendants failed to institute adequate policies, procedures, customs, usages and protocols on identification, referral, and treatment for inmates experiencing withdrawal, and failed to train and supervise staff accordingly.[20] Plaintiff alleges that such failure caused the County Defendants to punitively place him in the restraint chair and cause his injuries, and the MetroHealth Defendants to inadequately assess and treat his withdrawal.[21]

---

[16] *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).
[17] *Id.*; *see also Allstate Ins. Co. v. Das*, 86 F. Supp. 3d 716, 724-25 (E.D. Mich. 2015).
[18] *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).
[19] *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).
[20] Doc. 1 at ¶¶100-01.
[21] *Id.* at ¶¶ 89-129.

Case No. 1:17-cv-1796
Gwin, J.

However, there is no evidence to support Plaintiff's allegations, and Plaintiff has brought forth no evidence on the matter. There is thus no genuine material factual dispute on Plaintiff's Section 1983 official capacity claims against the County Defendants and MetroHealth Defendants. The Court **GRANTS** summary judgment for Defendants on Plaintiff's Section 1983 official capacity claims.

2. **Individual Capacity Claims**

   a. *Qualified Immunity*

The MetroHealth Defendants and County Defendants sued in their individual capacities are entitled to qualified immunity.

Government officers are entitled to qualified immunity for their actions unless plaintiffs satisfy a two-prong test. First, plaintiffs must show that "the facts alleged show the officer's conduct violated a constitutional right."[22] Second, plaintiffs must prove that the violated constitutional right was "clearly established."[23] Courts do not have to decide these prongs in a specific order.[24]

There is no genuine dispute of material fact as to the first prong. As will be explained, no jury could find that the individual MetroHealth and County Defendants violated Plaintiff's constitutional rights. The Court finds the individual Defendants are entitled to qualified immunity.

   b. *County Defendants*

The Court finds no genuine dispute of material fact as to Plaintiff's Section 1983 individual capacity claims against the County Defendants.

Plaintiff alleges that the individual County Defendants were deliberately indifferent to his serious medical need when they punitively forced him into a restraint chair upon discovering he was suffering from severe withdrawal symptoms.[25] Plaintiff also alleges that the individual County Defendants' action used excessive force.[26]

---

[22] *See France v. Lucas,* 836 F.3d 612, 625 (6th Cir. 2016) (quoting *Saucier v. Katz,* 533 U.S. 194, 201 (2001)).
[23] *Id.*
[24] *See Pearson v. Callahan,* 555 U.S. 223, 236-42 (2009).
[25] *See* Doc. 1 at ¶¶ 53-56.
[26] *Id.*

-4-

Case No. 1:17-cv-1796
Gwin, J.

"The Eighth Amendment's protections against cruel and unusual punishment extend to pretrial detainees through the Fourteenth Amendment's Due Process Clause . . . and thus claims by pretrial detainees challenging conditions of confinement are analyzed under the Eighth Amendment."[27]

For an Eighth Amendment claim, Plaintiff must show that a sufficiently serious deprivation has occurred, or that he was suffering from a serious medical need.[28] Then Plaintiff must establish that prison officials acted with deliberate indifference.[29] Deliberate indifference is "obduracy and wantonness, not inadvertence or error in good faith."[30]

The Court will also analyze Plaintiff Bartlett's excessive force claim under the Fourteenth Amendment, which applies to pretrial detainees, rather than the Fourth Amendment, which applies to free citizens.[31] When assessing pretrial detainees' excessive force claims, the Court must consider whether "the force purposely or knowingly used against him was objectively unreasonable."[32] Pretrial detainees cannot be subjected to "the use of excessive force that amounts to punishment," because they "cannot be punished at all."[33]

The County Defendants have put forth evidence that the individual County Defendants placed Plaintiff into the restraint chair under instructions from "Nurse Cooper."[34] As the County Defendants acted consistent with a medical professional's order, they do not appear to have acted with deliberate indifference, objective unreasonableness, or with punitive intent. There is therefore no basis for the individual County Defendants' personal liability under Section 1983.

The Court therefore **GRANTS** summary judgment for the individual County Defendants sued in their individual capacities on Plaintiff's Section 1983 claims.

---

[27] *Brodak v. Nichols,* 162 F.3d 1161 (6th Cir. 1998) (citations omitted).
[28] *Wilson v. Seiter,* 501 U.S. 294, 298-300 (1991); *Estelle v. Gamble,* 429 U.S. 97, 104-06 (1976).
[29] *Wilson,* 501 U.S. at 303.
[30] *Whitley v. Albers,* 475 U.S. 312, 319 (1986).
[31] *Coley v. Lucas Cty., Ohio,* 799 F.3d 530, 538 (6th Cir. 2015).
[32] *Kingsley v. Hendrickson,* 135 S.Ct. 2466, 2473 (2015).
[33] *Id.* at 2473, 2475.
[34] *See* Doc. 49-1 at 2.

### c. *MetroHealth Defendants*

The Court also finds no material dispute of fact with respect to Plaintiff's Section 1983 individual capacity claims against the MetroHealth Defendants.

The MetroHealth Defendants argue that there is no genuine dispute of material fact that they were not deliberately indifferent.[35]  To support these assertions, the MetroHealth Defendants point to an affidavit from Dr. Tallman, who testifies that MetroHealth provided Plaintiff Bartlett with extensive and adequate medical treatment.[36]

The duty to provide a certain level of health care under the Eighth Amendment is limited.[37]  "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'"[38]  Where jail officials provided a prisoner some medical attention and the dispute concerns the treatment's adequacy, federal courts are generally reluctant to second-guess medical judgments.[39]

Here, Dr. Tallman's affidavit shows that the MetroHealth Defendants provided Plaintiff Bartlett with medical care.  Over the course of a week, six medical professionals assessed Plaintiff's condition and ordered various tests and treatment plans for his condition.[40]  No jury could find that MetroHealth Defendants' actions constituted deliberate indifference.

The Court therefore **GRANTS** summary judgment on Plaintiff's Section 1983 individual capacity claims against the MetroHealth Defendants.

## B. State Law Claims

As to Plaintiff's state law claims, the Court first finds that the County and the MetroHealth System are entitled to statutory state law immunity.

---

[35] Doc. 47 at 6-8.
[36] *See* Doc. 47-1.
[37] *Hudson v. McMilian*, 503 U.S. 1, 8-9 (1992).
[38] *Sarah v. Thompson*, No. 03-2633, 2004 WL 2203585, at *1 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)).
[39] *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).
[40] Doc. 47-1.

Case No. 1:17-cv-1796
Gwin, J.

Because the County and the MetroHealth System are political subdivisions, they are immune from liability under Ohio law in a civil action for injury, death, or loss to persons allegedly caused by an act or omission of the subdivision or its employees in connection with a governmental function.[41] Because operating a jail and providing medical services within it are governmental functions,[42] the County and MetroHealth System are presumptively immune from Plaintiff's state law claims. The Court finds no applicable statutory exceptions to state law immunity in this case.[43]

The individual County and MetroHealth Defendants are also entitled to state law immunity for the state law tort claims brought against them. Ohio grants immunity to public officials unless their acts are outside the scope of employment; committed "with malicious purpose, in bad faith, or in a wanton or reckless manner;" or subject to other liability under the Ohio Revised Code.[44]

Here, there is no material factual dispute that the individual County Defendants acted pursuant to a medical professional's orders. And there is no material factual dispute that the MetroHealth Defendants provided a constitutionally adequate level of medical care for Plaintiff Bartlett. There is thus no material factual dispute as to whether these Defendants acted outside the scope of their authority; acted with maliciousness, bad faith, wantonness, or recklessness; or are liable under other statutory provisions.

Therefore, the Court **GRANTS** summary judgment for the County Defendants and MetroHealth Defendants on Plaintiff's state law claims.

---

[41] *See* Ohio Rev. Code § 2744.02(A)(1).
[42] *See Ruffin v. Cuyahoga Cty.*, No. 1:16 CV 640, 2017 WL 2832674, at *13 (N.D. Ohio June 30, 2017), *aff'd sub nom. Ruffin v. Cuyahoga Cty., Ohio*, 708 F. App'x 276 (6th Cir. 2018) (citing Ohio Rev. Code § 2744.01(C)(2)(h), (x)).
[43] The exceptions to immunity are: negligent operation of a motor vehicle, negligent operation of a proprietary function, failure to keep public roads in repair, injury due to a physical defect on government property, and liability expressly imposed by the Ohio Revised Code. *See* Ohio Rev. Code § 2744.02(B). None of these exceptions appear to apply to this case. *See Stevens-Rucker v. City of Columbus*, 242 F. Supp. 3d 608, 634 (S.D. Ohio 2017) (immunity for state law claims of assault and battery and intentional infliction of emotional distress); *Ruffin*, 2017 WL 2832674, at *13 (immunity for state law claims of negligence and medical malpractice).
[44] Ohio Rev. Code § 2744.03(A)(6)(b).

Case No. 1:17-cv-1796
Gwin, J.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** both the MetroHealth Defendants' and Cuyahoga County Defendants' motions for summary judgment.[45]


IT IS SO ORDERED


Dated:  May 22, 2018 	*s/	James S. Gwin*
	JAMES S. GWIN
	UNITED STATES DISTRICT JUDGE

---

[45] The Court also **GRANTS** MetroHealth Defendants' motion to supplement their summary judgment motion.

-8-