UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

|                              |   |                          |
|------------------------------|---|--------------------------|
| ADAM BARTLETT,               | : | CASE NO. 1:17-cv-1796    |
| Plaintiff,                   | : |                          |
| vs.                          | : | OPINION & ORDER          |
|                              | : | [Resolving Docs. 58, 59] |
| CUYAHOGA COUNTY, *et al.*,   | : |                          |
| Defendants.                  | : |                          |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 22, 2018, the Court granted the Cuyahoga County Defendants'[1] unopposed motion for summary judgment on all of Plaintiff Adam Bartlett's claims.[2] The Court entered a final judgment on this matter.[3] The case is now closed.

Plaintiff Bartlett now moves for relief from judgment and moves to enforce a settlement that he says he reached with the County Defendants before the Court's May 22 order.[4] The County Defendants oppose both motions.[5]

Plaintiff admits he failed to tell the Court that he had reached an oral agreement with the County Defendants as early as April 20, 2018.[6] However, Plaintiff argues he should be relieved from judgment for excusable neglect because the parties were in the process of finalizing the written settlement a few days before the May 22 order.[7] Plaintiff argues that the Court should enforce the

---

[1] The Cuyahoga County Defendants include C.O. Corporal Bailey, C.O. John Mirrotto, C.O. Brian Cartwright, Cuyahoga County, and various John and Jane Doe policymakers and others. Doc. 1.
[2] Doc. 56.
[3] Doc. 57.
[4] Docs. 59, 58.
[5] Doc. 60. Plaintiff replies. Doc. 61.
[6] Doc. 59 at 1-2.
[7] *Id.*

Case No. 17-cv-1796
Gwin, J.

settlement agreement because Plaintiff had signed the written agreement on May 22.[8] The County, however, notes that it never signed the written settlement agreement.[9]

The Court first finds that no excusable neglect exists under Federal Rule of Civil Procedure 60(b)(1) to relieve Plaintiff from judgment. Plaintiff claims he reached an oral agreement more than a month before the Court issued its May 22 order. In that time, the deadline to oppose the County Defendants' summary judgment motion passed; and Plaintiff and his counsel[10] never informed the Court of the possible settlement to avoid an adverse ruling. The Court will not excuse this neglect.[11]

The Court next finds that it lacks jurisdiction to enforce any possible settlement agreement.

After a final judgment entry, the Court does not have ancillary jurisdiction over a motion to enforce a settlement agreement unless the dismissal order (1) contains a separate provision retaining jurisdiction in the district court over the settlement agreement or (2) incorporates the settlement agreement's terms.[12]

The Court's final judgment dismissing the case did neither. And because the dispute concerns a separate and unrelated breach-of-contract claim among non-diverse parties, the Court has no independent subject matter jurisdiction over the matter.[13] The enforcement of any settlement agreement is more properly pursued in the state courts.

The Court **DENIES** the motion for relief from judgment and **DENIES** the motion to enforce.[14]

IT IS SO ORDERED

Dated: June 12, 2018     s/     James S. Gwin
                         JAMES S. GWIN
                         UNITED STATES DISTRICT JUDGE

---

[8] Doc. 58 at 2; *see also* Doc. 60-1.
[9] Doc. 60 at 1-4.
[10] Excusable neglect also turns on the performance of the client's attorney. *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993)).
[11] *See Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1984) ("The failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect." (internal quotation marks omitted)).
[12] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).
[13] *See id*. at 381-82.
[14] As a result, the Court also **DENIES** Plaintiff's request for attorney's fees and costs associated with his motion to enforce.